[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13134
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60095-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABONIS WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 11, 2019)

Before WILSON, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Sabonis Wright appeals a 15-month sentence imposed following his conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a). Wright argues that the district court failed to adequately consider mitigating factors that justified a downward variance, leading the district court to render a longer sentence than required to achieve the purposes detailed in 18 U.S.C § 3553(a).

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). Our analysis proceeds in two steps. We must first ensure that the district court committed no significant procedural errors. *Id*. at 51. If the decision is procedurally sound, we then examine whether the sentence is substantively reasonable considering the totality of the circumstances. *Id*. The party challenging the sentence bears the burden to show that the sentence was unreasonable in light of the record and the factors in 18 U.S.C. § 3553(a). *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010); *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir. 2008).

A party can demonstrate an abuse of discretion in sentencing by showing that the district court "(1) fail[ed] to afford consideration to relevant factors that were due significant weight, (2) g[ave] significant weight to an improper or irrelevant factor, or (3) commit[ted] a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)

2

(quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). Yet we do not reach such conclusions lightly.  We will vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

Finally, although we do not presume that a sentence within the Guidelines range is reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  That a sentence is well below the statutory maximum penalty is another indicator of its reasonableness.  *See Gonzalez*, 550 F.3d at 1324.

We find no indications of procedural error or substantive unreasonableness here.  With regard to procedural error, Wright did not and has not challenged the calculation of his recommended sentencing range of 15–21 months.  As for substantive unreasonableness, the considerations that Wright cites to support his claim that the district court abused its discretion in refusing to reduce his sentence below the statutory minimum—that an immigration lawyer had informed Wright that he could lawfully enter the United States five years after his deportation, that Wright has familial and social ties with the United States, and that Wright suffers

3

from mental illness—do not leave us "with the definite and firm conviction that the district court committed a clear error of judgment." *Osorio-Moreno*, 814 F.3d at 1287. Moreover, Wright's 15-month sentence was the minimum within his Guideline range and well below the statutory maximum of 20 years of imprisonment. *See Gonzales*, 550 F.3d at 1324.

Viewing the circumstances in their totality, we find no evidence that the district court committed a clear error of judgment, imposed a sentence outside a reasonable range, or failed to comply with § 3553(a)'s instruction to impose a sentence "sufficient, but not greater than necessary, to comply" with its purposes. 18 U.S.C. § 3553(a). Accordingly, we affirm.

**AFFIRMED.**